LAMBERT (UNITED STATES v.). See Case No. 15,554.

———

## Case No. 8,029.

### In re LAMBSON.

[2 Hughes, 233.] [1]

Circuit Court, D. South Carolina. April, 1877.

HOMESTEAD EXEMPTION — HEAD OF FAMILY — HOUSEHOLDER WITH ADOPTED CHILD.

The adoption of another's child by an unmarried person, and the maintenance of servants and a household, does not, under the statutes of South Carolina, constitute that person the head of a family entitled to a homestead exemption.

In bankruptcy.

BOND, Circuit Judge. Henry W. Kinsman, the assignee in bankruptcy of the petitioner, and of J. H. Guy, his former partner in trade, filed a bill in the circuit court of the United States, against the bankrupts and certain other parties to whom several conveyances had been made by [J. A.] Lambson prior to his adjudication, to set aside those conveyances for fraud. A decree had been passed in accordance with the prayer of the bill, and now the bankrupt, Lambson, files this his petition in the cause praying the allowance of a homestead out of the tract of land upon which he resides, known as "Indian Town Plantation." The petitioner sets forth that he is the owner of the tract so named, that he has lived on it for the last four years, that during that time he has had an adopted son whom he took about four years ago to rear, educate, and clothe, and that he has also a housekeeper and servants, and that Indian Town plantation is his home and residence, and that of his adopted son, housekeeper, and servant.

The constitution of South Carolina provides: "The family homestead of the head of each family residing in this state, such a homestead consisting of dwelling-house, outbuildings, land, and appurtenances, not exceeding in value the sum of one thousand dollars, * * * shall be exempt from sale." etc. Const. art. 2, § 32. And the

———

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

question first presented in this case is, whether or not the facts alleged in the petition constitute the petitioner the head of a family. The word "family" in its broadest sense will include all the dwellers in a house under the common control of one person, and it is in this respect synonymous with "household," but it has a narrower signification, and a more limited one, and is used to represent the progeny of common ancestors. And it seems to me this is the signification the word "family" bears in the constitution of this state, for in the statute of South Carolina passed to carry into effect the constitutional provision above quoted, after re-enacting the constitutional clause, the legislature undertakes to provide for several contingencies which may arise in assigning the homestead, and it provides that if the husband be dead, his widow and children shall be entitled, and if father and mother both be dead, the children shall have it. The statute nowhere provides for a homestead in a case where a person, who, being a mere housekeeper having under his care and charge persons dwelling with him whom he benevolently supports, dies leaving real estate. It is always the case of children and widow, and the reason is, that the legislature had in its mind only that definition of the word "family" which is limited to the parent and his or her progeny. And when in section fifth of the statute, the legislature seeks to provide against the waiver of homestead, it does so only against the heirs of the head of the family.

The scope and intention of all homestead laws is to protect from want the children of pecuniarily unfortunate parents. They are passed in aid of the family relation in its narrower sense. The relation of husband and wife, parent and child, is the unit of civilization, and the state has thought to encourage that relation by protecting it from absolute want, arising from the vicissitudes of life; but it has not by this act undertaken to make a distinction among unmarried persons, favoring those who have servants, from those who have none, or those who choose to exercise a charity toward others by giving them food and shelter, from those who have not the ability so to do. Section 9th of the statute provides for all such persons, declaring that one-third of the yearly proceeds of any person who is not the head of a family shall be exempt from levy. Whether or not the legislature of this state could by statute declare the person adopted by the bankrupt his child for all the purposes of this act, it is not necessary to decide. There is no general law of the state upon the subject, and the bankrupt does not allege that he has taken advantage of any such statute in adopting this person. The condition of the person adopted is not changed, and his position in the petitioner's house is dependent solely upon his will. To take the petitioner's view

of the case would be to determine that he might be the head of a family to-day, and have a homestead assigned him which the statute forbade him to alienate, in which to-morrow by discharging his servants and dismissing the adopted child, he would have an estate in full with the power to alienate it as he pleased. The petition is dismissed with costs.